**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| CATALINA ANDERSON, § § **Plaintiff,** § § v. § § MARTIN O'MALLEY, *Commissioner* § *of the Social Security Administration*, § § **Defendant.** § | CAUSE NO. EP-24-CV-313-KC-ATB |

## ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered Plaintiff Catalina Anderson's Objection, ECF No. 14, to United States Magistrate Judge Anne T. Berton's Report and Recommendation ("R&R"), ECF No. 13. For the following reasons, the Objection is **OVERRULED in part**, the R&R is **ADOPTED in part**, and the decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

### I. BACKGROUND

Anderson appeals the Commissioner's final decision, denying her claim for disability insurance benefits. Compl. 2, ECF No. 3. Pursuant to Paragraph 2(c) of the Court's May 1, 2012, Standing Order, this case was referred to Judge Berton, who ultimately issued her R&R on May 15, 2025. Anderson timely objected. *See generally* Obj. This Order assumes familiarity with the R&R, in which the background is described in much greater detail. *See Roberts v. Mgmt. & Training Corp.*, No. 19-cv-530, 2021 WL 707862, at *1 (S.D. Miss. Feb. 23, 2021) ("The Court . . . is not 'required to reiterate the findings and conclusions of the magistrate judge.'" (quoting *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993))).

## II.  DISCUSSION

### A.  Standard

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

### B.  Analysis

Anderson makes three objections.  Obj. 2–10.  As to the portions of the R&R to which Anderson does not object, the Court has reviewed them and finds that they are neither clearly erroneous, contrary to law, nor an abuse of discretion.  *See United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).

#### 1.  Anderson's objection to the R&R's characterization of the parties' arguments is overruled.

Anderson's first objection is that "[t]he R&R incorrectly asserts '[i]n reply, Anderson does not address the Commissioner's precise arguments' and '[t]he parties argue past each other.'"  Obj. 2 (quoting R&R 7).  This objection takes issue with the R&R's observation that Anderson's argument focuses on the failure of the Administrative Law Judge ("ALJ") to explain its reasons for rejecting a portion of Dr. Dzurik's opinion, while the Commissioner's argument focuses on why the ALJ's rejection of that portion of the opinion is supported by substantial evidence.  *See* R&R 6–7.  This is neither a finding of fact nor a conclusion of law.  Instead, it is a helpful observation about the parties' respective positions.  And one with which Anderson later appears to agree.  Obj. 5 ("Even the Commissioner did not attempt to craft a rationale for the

2

ALJ, instead trying to steer the Court astray by relying on a general substantial evidence defense."). Anderson's first objection is therefore overruled.

> **2. Anderson's second objection is overruled—the ALJ's decision was supported by substantial evidence and its reasons were adequately explained.**

Anderson's second objection is that the R&R erroneously recommends that the Court affirm the Commissioner's decision, when the ALJ did not adequately explain its reasons for rejecting a portion of Dr. Dzurik's opinion. Obj. 4–8. Certainly, the major premise of this objection is valid: "[A]n ALJ usually cannot reject a medical opinion without some explanation." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017)). But this requirement is tempered by the principle that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) (quoting *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)). Balancing these considerations, some cases require remand to the ALJ for a clearer explanation. Take, for example, *Kneeland v. Berryhill*, in which the Fifth Circuit instructed the district court to remand the case to the ALJ, who "fail[ed] to address—or even mention"—one doctor's medical opinion in their decision. 850 F.3d at 761.

The trouble for Anderson is that the closest match for her case is *Webster*, in which the Fifth Circuit affirmed the Commissioner's decision, notwithstanding the ALJ's less than comprehensive explanation. 19 F.4th at 719. There, the ALJ found the state agency's medical assessment "'persuasive' because it was supported by the evidence and consistent with [the plaintiff's] other records." *Id.* The ALJ nevertheless failed to incorporate some of the assessment's "allegedly more restrictive portions" into the Residual Functional Capacity ("RFC") calculation, without saying why. *Id.* at 718–19. The Fifth Circuit affirmed the district court's affirmance of the Commissioner, finding that although the ALJ did not adopt the state

3

agency's assessment "verbatim," "it cannot be said that his decision was not based on substantial evidence or that he improperly applied the relevant legal standards." *Id.* at 719.

The district court broke this out further, explaining that "the law makes certain that an ALJ does not disregard evidence or ignore potential limitations, but it does not require him to list and reject every possible limitation." *Webster v. Comm'r Soc. Sec.* ("Webster I"), No. 19-cv-97, 2020 WL 760395, at *3 (N.D. Miss. Feb. 14, 2020) (citing *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011)). In other words, an ALJ must consider each medical opinion in the record, state whether he finds it persuasive, and explain why. *Webster*, 19 F.4th at 718–19. But the ALJ need not include a detailed explanation, for every subsidiary opinion or recommendation contained in a doctor's report, of why he does or does not agree with it. *Webster I*, 2020 WL 760395, at *3. Nor must an ALJ necessarily adopt every facet of an opinion, even if he finds it generally persuasive. *Webster v. Comm'r Soc. Sec.* ("Webster II"), No. 19-cv-97, 2020 WL 4760141, at *2 (N.D. Miss. Aug. 17, 2020) (on reconsideration) ("The plaintiff has cited no authority that would require the ALJ to accept and include all disabilities in the doctor's report even if he found the report, as a whole, to be persuasive.").

Here, as in *Webster*, the ALJ found the opinion of Dr. Dzurik, together with the opinion of Dr. Shamma, "persuasive." R&R 14 (quoting Tr. Admin R. 22–23). Yet, as in *Webster*, the ALJ did not adopt Dr. Dzurik's every recommendation. Specifically, the ALJ implicitly rejected Dr. Dzurik's finding that Anderson can only stand and walk for four hours per day, by finding instead that she could do light work, which entails up to six hours of standing and walking per day. *Id.* at 13 (citations omitted). And, to be sure, the ALJ offered an imprecise explanation for

crediting other evidence—including Dr. Shamma's and Dr. Robles's opinions[1]—over Dr. Dzurik's in this regard, stating only that he was incorporating the limitations that were "supported by the evidence in the record discussed above." *Id.* at 15 (quoting Tr. Admin R. 22–23). But having found Dr. Dzurik's opinion as a whole persuasive in light of its supportability and consistency, the ALJ was neither required to adopt the entire opinion wholesale, nor offer a more detailed explanation of the decision to part ways with one of its recommendations. *See Webster*, 19 F.4th at 719; *Webster I*, 2020 WL 760395, at *3; *Webster II*, 2020 WL 4760141, at *2.

Thus, upon de novo review and for essentially the same reasons articulated in greater detail in the R&R, the Court finds that the ALJ's decision was supported by substantial evidence and its reasons were adequately explained. Anderson's second objection is overruled.

---

[1] *See* R&R 18 (citations omitted) ("Dr. Shamma found that Anderson can stand or walk with normal breaks for a total of 6 hours in an 8-hour workday" and "Dr. Robles opined, upon examining Anderson, that '[t]here are no limitations with sitting, standing or walking'").

5

      **3.**      **The Court does not reach Anderson's objection to the R&R's harmless error analysis.**

Anderson's final objection is that the R&R applied the harmless error standard incorrectly. Obj. 9–10. Finding that the ALJ committed no error, the Court does not reach this objection.

**II.**    **CONCLUSION**

For the foregoing reasons, Anderson's Objections to the R&R, ECF No. 14, are **OVERRULED** in part and Magistrate Judge Berton's R&R, ECF No. 13, is **ADOPTED** in part. The Court does not express any opinion on the harmless error objection or the R&R's harmless error analysis. In all other respects, the objections are overruled and the R&R is adopted.

    **IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED**.

    The Clerk shall close the Case.

    **SO ORDERED**.

    SIGNED this 4th day of July, 2025.

_____
KATHLEEN CARDONE